WR-83,578-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/23/2015 5:23:28 PM
Accepted 7/24/2015 8:14:30 AM
ABEL ACOSTA
CLERK

No. WR-83,578-01

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS, AT AUSTIN

RECEIVED
COURT OF CRIMINAL APPEALS
7/24/2015
ABEL ACOSTA, CLERK

**Ex parte Dwayne Edward Nash**

Applicant

On Application for Post-Conviction Writ of *Habeas Corpus* from the 33rd District Court of Burnet County in Case No. 39596

---

**Applicant's Objection to the State's Answer to the Application for Post-Conviction Writ of *Habeas Corpus,* and Motion for Remand for Evidentiary Hearing**

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Dwayne Edward Nash, Applicant in the above entitled cause, by and through John G. Jasuta and David A. Schulman, his undersigned attorneys of record, and files this response to the State's answer submitted in response to his Application for post-conviction writ of *habeas corpus* and would show the Court:

I

On June 2, 2015, Applicant filed an application for post-conviction writ of *habeas corpus* as well as a memorandum of law in support of the *habeas* application, in the trial court. The

District Clerk mailed a copy to the State on June 4, 2015. The State filed its answer on July 1, 2015.

The application, supporting documents, and the State's answer, was forwarded to this Court and filed on July 13, 2015. The trial court made no findings or conclusions of law.

## II

The State's response was not filed in a timely manner. Article 11.07, § 3(b), C.Cr.P., plainly requires the State to file its answer within fifteen (15) days, which, in this case, would have been not later than June 19, 2015. Thus, the State's answer is plainly not properly before this Court, as the statute specifically speaks to a failure on the part of the State to answer in the statutory manner, requiring a statutory general denial. Applicant specifically objects to the inclusion of the unauthorized "answer" in the record, and to any consideration of that document due to its untimely nature.

## III

While the State in its putative answer, at least in part, requested entry of an Order Designating Issues, the trial court did

not enter such an order either within or without the time in which it had to act. Such time, as set out in Article 11.07, § 3(c), C.Cr.P., would have expired not later than July 10, 2015.

IV

The general denial of the State, statutorily entered as it was due to the passage of time, has created factual issues which have not been, but which should be, resolved by the trial court. The trial court's failure to act within the statutory time limit is deemed a "finding" under Art. 11.07, § 3(c), C.Cr.P. That "finding" is neverthless unsupported by the record before this Court, as Applicant has stated facts which, if true, would entitle him to relief.

The trial court is, in effect, the "eyes and ears" of this Court in *habeas* matters, at least in the initial, fact-gathering phase. Without findings specifically addressing alleged facts which, if true, would entitle an applicant to relief, this Court is operating blind. The trial court's inaction in the face of the pleadings in this case has left the Court in that precise situation.

## V

Even the State's putative answer raises fact questions through its denials, which require specific findings. It specifically denies the allegations of fact, offering explanations for its positions throughout. Given the putative answer, should it be considered, it is obvious that there exist controverted fact issues which are deserving of formal resolution.

## VI

This Court is empowered by Article 11.07, § 5, C.Cr.P., to "deny relief upon the findings and conclusions of the hearing judge without docketing the cause . . . .." While the statute deems a failure to act as a "finding," Applicant would submit that any such "finding" would not be "finding and conclusions of the hearing judge," because, by its inaction, the trial court in this case has refused to "hear" the case.

## Conclusion

The record properly before the Court demonstrates that there remain "controverted, previously unresolved facts material to the

4

legality of the Applicant's confinement" in this case. Should the State's answer be considered, despite its statutory inadequacy, the need for resolution becomes more clear. An evidentiary hearing should be ordered, with Applicant being accorded the opportunity to put on evidence supporting his claims.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Court will remand this case for factual investigations and recommendations by the trial/*habeas* court, and upon subsequent consideration by the Court, will grant such relief to which Applicant is entitled.

Respectfully submitted,

_____
**John G. Jasuta**
Attorney at Law
State Bar No. 10592300
lawyer1@johnjasuta.com

_____
**David A. Schulman**
Attorney at Law
State Bar Card No. 17833400
zdrdavida@davidschulman.com

1801 East 51st Street, Suite 365-474
Austin, Texas 78723
Tel. 512-474-4747
Fax: 512-532-6282

Attorneys for Dwayne Edward Nash

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 775 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on July 23, 2015, a true and correct copy of the above and foregoing "Applicant's Objection to the State's Answer to the Application for Post-Conviction Writ of *Habeas Corpus,* and Motion for Remand for Evidentiary Hearing" was transmitted via electronic mail (*eMail*) to Matthew Ottoway (matthew.ottoway@texasattorneygeneral.gov), counsel for the State, using the eService function on the State's portal.

_____
**John G. Jasuta**